UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

FILED

2003 OCT -7 P 1:40

| NATHAN ROSEN, | CIVIL ACTION NO. |
| --- | --- |
| Plaintiff, | 3:01 CV 00743(JCH) |
| - against - | |
| INTERNATIONAL BUSINESS MACHINES CORPORATION; MEDIANET, INC.; ACS TRADEONE MARKETING, INC.; AFFILIATED COMPUTER SERVICES, INC.; JOSEPH FERRIS; JOHN SCHIEVE and DALE REBHORN, | October 7, 2003 |
| Defendants. | |

**REPLY AFFIDAVIT OF NEIL B. STEKLOFF, ESQ., IN FURTHER SUPPORT OF THE IBM DEFENDANTS' AND THE TRADEONE DEFENDANTS' MOTIONS FOR SUMMARY JUDGMENT ON PLAINTIFF NATHAN ROSEN'S SECOND AMENDED COMPLAINT**

I, Neil B. Stekloff, Esq., being duly sworn, depose and say:

1. I am over the age of eighteen and understand the obligations of an oath.

2. The statements contained in this affidavit are based on my personal knowledge.

3. I am an associate at the law firm Paul, Hastings, Janofsky & Walker LLP, counsel for Defendants International Business Machines Corporation ("IBM"), Joseph Ferris ("Ferris"), John Schieve ("Schieve") and Dale Rebhorn ("Rebhorn") (collectively the "IBM Defendants") in the above-referenced action, and for Defendants ACS TradeOne Marketing, Inc. ("TradeOne") and Affiliated Computer Services, Inc. ("ACS") (collectively the "TradeOne Defendants"). I submit this Reply Affidavit in further support of both the IBM Defendants' Motion

for Summary Judgment and the TradeOne Defendants' Motion for Summary Judgment on Plaintiff Nathan Rosen's ("Rosen") Second Amended Complaint dated September 27, 2002 [doc. #30] (the "Complaint"), in order to authenticate the deposition testimony and attach certain documents cited for the first time in the parties' respective Reply Memoranda. I also submit this Reply Affidavit in response to certain issues raised in the Affidavit of Richard A. Bieder, Esq., In Opposition to the IBM Defendants' and the TradeOne Defendants' Motions for Summary Judgment ("Bieder Aff.").

4. It should be noted that the Exhibits attached to this Reply Affidavit begin with Exhibit 27 – as the IBM and TradeOne Defendants' Exhibits 1 through 26 are attached to my prior Affidavit dated May 1, 2003, submitted with the parties' summary judgment motions ("Stekloff Aff."). Accordingly, citations in the IBM and TradeOne Defendants' Reply Memoranda to the "Stekloff Aff." pertain to my original May 1st affidavit and Exhibits 1-26 attached thereto. Citations to the "Stekloff Reply Aff." pertain to this affidavit and Exhibits 27-43 attached hereto. Specifically, this Reply Aff. attaches the following documents:

5. Exhibit 27 is a true and correct copy of the relevant portions of the original, certified transcript of the Deposition of Nathan Rosen ("Rosen Depo."), conducted on December 5, 2002 and January 8, 2003, that are cited for the first time in the IBM Defendants' Reply Memorandum.

6. Exhibit 28 is a true and correct copy of the relevant portions of the original, certified transcript of the Deposition of Joseph Ferris ("Ferris Depo."), conducted on February 21, 2003, that are cited in the IBM Defendants' Reply Memorandum.

7. Exhibit 29 is a true and correct copy of the relevant portions of the original, certified transcript of the Deposition of Dale Rebhorn ("Rebhorn Depo."), conducted on February 24, 2003, that are cited in the IBM Defendants' Reply Memorandum.

8. Exhibit 30 is a true and correct copy of the relevant portion of Rosen's "Open Door" PowerPoint Presentation to Rebhorn cited in the IBM Defendants' Reply Memorandum, which was marked as Rosen Depo. Exh. 5.

9. Exhibit 31 is a true and correct copy of Rosen Depo. Exh. 1A, which he testified to be the first page of his "original quota letter that was sent before the [LOP] was included." See Rosen Depo. at 23-24 (attached to Stekloff Aff. as Exhibit 1).

10. Exhibit 32 is a true and correct copy of Rosen's Sales Incentive Plan from February 1999, prior to the addition of the Large Opportunity Process ("LOP"), which was previously produced to Rosen and bears Bates Nos. D122-125.

11. Exhibits 33-43, are, in alphabetical order, copies of all of the unreported decisions cited in the IBM Defendants' Reply Memorandum.

12. The remainder of this Reply Affidavit shall address the half-hearted request in Paragraphs 59-63 of the Bieder Affidavit asserting that the IBM Defendants' summary judgment motion should be denied because plaintiff needs additional discovery to oppose it pursuant to Fed. R. Civ. P. 56(f). Simply put, Rosen's Rule 56(f) Request should be denied with respect to Mr. Baehr and Mr. Courtney because the additional testimony that Rosen seeks would not create a genuine issue of material fact that would defeat summary judgment and, with respect to Mr. Courtney, because Rosen cannot demonstrate that he made thorough and diligent efforts to obtain this testimony prior to the IBM Defendants' summary judgment motion. See, e.g., Gurary v. Winehouse, 190 F.3d 37, 43-44 (2d Cir. 1999) (Rule 56(f) movant must specifically identify in an affidavit: "(1) what facts are sought [to resist the motion] and how they are to be obtained; (2) how those facts are reasonably expected to create a genuine issue of material fact; (3) what effort the affiant has made to obtain them, and (4) why the affiant was unsuccessful in those efforts"); Paddington Partners v. Bouchard,

34 F.3d 1132, 1138 (2d Cir. 1994) (same); Hudson River Sloop Clearwater v. Department of the Navy, 891 F.2d 414, 422 (2d Cir. 1989) (same).

13. First, with respect to Mr. Baehr, Rosen cannot demonstrate how his testimony would have *any* impact on the IBM Defendants' summary judgment motion whatsoever. Indeed, Rosen claims that Mr. Baehr's testimony pertains to "IBM senior management's misconduct." See Bieder Aff., ¶62. Contrary to Attorney Bieder's assertion, Mr. Baehr was not "directly involved in the internal investigation by IBM" of Rosen's complaint – as he merely reviewed Rebhorn's "Open Door" report. More fundamentally, however, the IBM Defendants have sought summary judgment on purely legal theories concerning the plain language of Rosen's Sales Plan and Torrent's Independent Software Vendor ("ISV") Contract. Mr. Baehr's testimony can add nothing to this issue and, therefore, would not change the outcome of the IBM Defendants' summary judgment motion. Cf. Hudson, 891 F.2d at 422 (affirming denial of Rule 56(f) application because "even if plaintiffs had obtained what they stated would be uncovered [in further discovery], the information would have been insufficient to defeat summary judgment"); Promuto v. Waste Mgmt., Inc., 44 F. Supp.2d 628, 649-50 (S.D.N.Y. 1999) (denying Rule 56(f) application where applicant "did not provide th[e] Court with any basis to believe that further discovery would alter the outcome of the summary judgment motion"); 11 J. Moore, Moore's Federal Practice, §56.10[8][d] (moving party "must demonstrate specifically how a continuance for further discovery will enable that party to rebut the assertions contained in the pending summary judgment motion") (citing cases). Rosen's Rule 56(f) Request should thus be denied as it pertains to Mr. Baehr.[1]

---

[1] IBM also disagrees that it has refused to produce Mr. Baehr. Exhibit 54 to the Bieder Affidavit shows that, while IBM certainly tried to discourage Rosen from proceeding, it did not refuse to produce Mr. Baehr – stating only that IBM "may object."

14.     Rosen's Rule 56(f) application fails as to Mr. Courtney for two reasons: (a) Mr. Courtney's testimony cannot change the outcome of the IBM Defendants' summary judgment motion; and (b) Rosen has not adequately explained, and cannot explain, the efforts he has made to take Mr. Courtney's deposition and why those efforts were unsuccessful – largely because he made no diligent efforts.

15.     First, Rosen claims that Mr. Courtney will testify that "IBM's standard and customary practice was to compensate ISVs and BDMs on revenues generated from 'influence' sales such as Torrent's." See Bieder Aff., ¶63 and Exhibit 28. As explained fully in the IBM Defendants' Reply Memorandum, the IBM Defendants have accepted as true for summary judgment purposes that IBM had such a "standard and customary practice" and, instead, have argued that such a "practice" is insufficient as a matter of law to create a contractual obligation whereby IBM must pay BDMs commissions on all "influence" sales when the governing ISV Contract is structured as a Direct Licensing Agreement ("DLA") requiring the ISV to create and directly resell a new, joint ISV/IBM software product. This is a pure question of law dependent on the definitive language of the relevant contracts. Mr. Courtney's testimony would thus have no impact on the IBM Defendants' summary judgment motion. Pursuant to the authority discussed in Paragraph 13, supra, Rosen's Rule 56(f) application should therefore be denied as it pertains to Mr. Courtney.

16.     Second, Rosen's Rule 56(f) application should also be denied because Rosen's counsel has not and cannot explain the diligent efforts made to take Mr. Courtney's deposition or why those efforts were unsuccessful – as they made no such efforts. As an initial matter, I note that Attorney Bieder is simply incorrect that I reached an oral agreement with Attorney Faxon to produce Mr. Courtney for a deposition. See Bieder Aff., ¶10. We made no such agreement.

17. In fact, neither Attorney Faxon nor Attorney Bieder ever made an attempt during the discovery period to take Mr. Courtney's deposition notwithstanding that the e-mail attached as Exhibit 28 to the Bieder Affidavit was produced well before the close of discovery. Indeed, the Court Reporter's exhibit tag on Exhibit 28 to the Bieder Affidavit confirms that Attorney Faxon actually marked this document during the deposition of Bruce Burdumy ("Burdumy") on February 27, 2003 – while discovery was still open.

18. Attorney Faxon did not raise the possibility of deposing Mr. Courtney until after the failed settlement conference on April 2nd – more than a month *after* discovery closed. See E-Mail from J. Faxon to N. Stekloff dated April 21, 2003 (attached as Exhibit 43). Because Attorney Faxon claimed that Mr. Courtney had authored some significant document in the case, Attorney Shea and I requested that Attorney Faxon provide us with the Bates Number of the allegedly significant document so that we could determine whether or not it warranted producing Mr. Courtney for a deposition out-of-time. On April 21, 2003, Attorney Faxon e-mailed me with a Bates Number purporting to reflect the Courtney-authored document. Id.

19. The Bates Number provided by Attorney Faxon in his April 21st e-mail, however, corresponded to a document having nothing whatsoever to do with Mr. Courtney, and I advised him of that fact and requested that he get back to me with the correct Bates Number so that IBM could decide whether to produce Mr. Courtney out-of-time. See N. Stekloff Reply to J. Faxon dated April 21, 2003 (attached as Exhibit 43). In the meantime, Attorney Shea and I decided that, if the only Courtney-authored document Attorney Faxon was able to identify was Exhibit 28 to the Bieder Affidavit, we would not agree to produce Mr. Courtney out-of-time because Attorney Faxon and Rosen had been in possession of that particular e-mail for a significant period of time and made no attempt to take Mr. Courtney's deposition during the discovery period.

20. The April 21st e-mail (attached as Exhibit 43) was the last time I heard from Attorney Faxon or Attorney Bieder on the issue of deposing Mr. Courtney until I received the Bieder Affidavit. Notwithstanding that Attorney Bieder's firm asked for and received three separate extensions of their deadline to respond to the IBM Defendants' summary judgment motion (giving them three and-a-half months to prepare Rosen's Opposition), Attorney Bieder never mentioned Mr. Courtney's deposition as the impetus for those extensions nor did he seek to use those three and-a-half months to take Mr. Courtney's deposition. Under these circumstances, Rosen cannot demonstrate that he made any diligent efforts to take Mr. Courtney's deposition, and his Rule 56(f) application should fail. See Hudson, 891 F.2d at 422 (affirming denial of Rule 56(f) application where party never made showing of prior efforts to obtain discovery sought or explained why it was unable to do so); Nicholson v. Doe, 185 F.R.D. 134, 137 (N.D.N.Y. 1999) (Rule 56(f) application denied where plaintiff failed to explain why he did not request discovery in more than four months since discovering identity of witness he sought to depose); 11 Moore's Federal Practice, §56.10[8][a] (party must "demonstrate due diligence both in pursuing discovery before the summary judgment motion is made and in pursuing the extension of time after the motion is made").

_____
Neil B. Stekloff

Subscribed and sworn to before me
this 17th day of October, 2003

_____
Notary Public
My Commission Expires: 8-31-05